**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SAMUEL EARL BAKER,

        Petitioner,             Case Number: 2:12-CV-12068

v.                                       HONORABLE NANCY G. EDMUNDS

STEVE RIVARD,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO HOLD PETITION IN
ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Samuel Earl Baker is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan. He challenges his convictions for first-degree home invasion, carjacking, unlawfully driving away an automobile, felonious assault, resisting and obstructing a police officer, carrying a concealed weapon, felon in possession of a firearm, and felony firearm. In addition to his habeas petition, Petitioner filed a Motion to Hold Habeas Petition in Abeyance. The Court grants the motion.

**I.**

Petitioner was convicted by a jury in Wayne County Circuit Court as set forth above. He filed an appeal of right in the Michigan Court of Appeals presenting the following claims: (i) the convictions for carjacking and unlawfully driving away an automobile violate the Double Jeopardy Clause; (ii) trial court erred in denying motion

for mistrial; (iii) insufficient evidence presented; and (iv) sentence violated the Eighth Amendment. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Baker*, No. 289844 (Mich. Ct. App. May 20, 2010).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The application was denied. *People v. Baker*, 488 Mich. 914 (Mich. Oct. 26, 2010).

On January 24, 2012, Petitioner filed a motion for relief from judgment in the trial court raising six claims not previously presented in state court. The motion remains pending in the trial court.

Petitioner then filed the pending petition, in which he raises the claims raised on direct appeal in state court and those raised in his motion for relief from judgment.

**II.**

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that he has not exhausted six claims he would like to present in his habeas corpus petition in state court. Those unexhausted claims are currently raised in a motion for relief from judgment pending in the trial court. He has filed a habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations. Petitioner asks the Court to stay the petition while he is in the process of exhausting his state court remedies.

A prisoner who has not yet exhausted his or her state court remedies may file a

"'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.

2002). Petitioner must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, it is **ORDERED** that the habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                  s/Nancy G. Edmunds
                                  Nancy G. Edmunds
                                  United States District Judge

Dated: May 22, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager